RANDALL G. PHILLIPS (6311)
Attorney for Plaintiff
2510 Washington Blvd., Suite 200
Ogden, Utah 84401
Telephone: (801) 621-6546
Facsimile: (801) 393-3451

---

## IN THE UNITED STATES FEDERAL DISTRICT COURT

## STATE OF UTAH, CENTRAL DIVISION

---

| | | |
|---|---|---|
| PRISCILLA CHAVEZ | / | SECOND AMENDED COMPLAINT |
| Plaintiff | / | |
| vs. | / | Civil No.:   **2:04-cv-01104-TC** |
| LOUIS POLEATE, an Individual; CLINT FRIEL, Warden of the Utah State Prison, acting in his individual capacity; and JOHN DOES 1 - 10, in their individual capacities and JANE DOES 1 - 10, in their individual capacities. | / / / / | Judge Tena Campbell<br><br>Magistrate Judge Brooke C. Wells |
| Defendants | / | |

---

COMES NOW, the above-named Plaintiff, and hereby submits this Amended Complaint, and alleges the following against the above-named Defendants:

### **GENERAL ALLEGATIONS**

#### **Parties**

_____1.    Plaintiff Priscilla Chavez is currently incarcerated in the Utah State Prison.

2.    That the Defendant Louis Poleate (hereinafter "Poleate"), is currently incarcerated in Kane County, State of Utah.

1

3.      Defendant Clint Friel is, and was for all relevant periods, the Warden of the Utah State Prison.

4.      The true names and capacities of defendants named herein as John Does 1 through 10 and Jane Does 1 through 10 are unknown to plaintiff at this time.  Plaintiff will seek leave to amend this Complaint to include their true names and capacities once the same have been ascertained.  Plaintiff believes and alleges that each of the defendants designated herein as John Does 1 through 10 and Jane Does 1 through 10 was, for all relevant periods, an agent or employee of the Utah State Prison who was responsible in his/her individual capacities for the deprivation of the Plaintiff's civil rights and/or who was responsible for supervising and training those who were responsible for providing such care, and therefore set into action the conduct causing the violation of the Plaintiff's civil rights.

5.      Each of the defendants was individually responsible in some manner, based upon acts and omissions performed under the color of state law, for the events and occurrences described hereafter and for the resulting injury and damages.

6.      This action is brought against the named individuals in their individual capacities and where applicable, their supervisory capacities.  Their authority to act was derived from Utah State Law, and their own authority and/or commands or directives of their supervisors.  All of the acts were preformed under color of state laws, statutes, ordinances, regulations, policies, customs and usages of the State of Utah.

7.      Plaintiff demands a trial by jury.

2

## Nature of the Action

_____8.    This is an action to redress violations of the federal civil rights of the Plaintiff

under the laws and constitution of the United States of America, and pursuant to 42 U.S.C. Sec.

1983.

## Jurisdiction and Venue

9.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1331, in that this is a

civil action arising under the Constitution of the United States.

10.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1343(a)(3) in that this

action seeks to redress the deprivation, under color of state law, of rights secured to the plaintiff

by the Eighth and Fourteenth Amendments to the Constitution of the United States and the laws

of the United States.

11.    That Plaintiff's claims are predicated upon 42 U.S.C. 1983, which authorizes

actions to redress the deprivation, under color of state law, of rights, privileges and immunities

secured to plaintiff by the Constitution and laws of the United States.

12.    Plaintiff's claims for attorneys' fees and costs are predicated upon 42 U.S.C. 1988

and 42 U.S.C. 2000, which authorize the award of attorneys' fees and costs to prevailing parties

pursuant to 42 U.S.C. 1983.

13.    That pursuant to 42 U.S.C. § 1997e(a) the Plaintiff has exhausted her 'available'

administrative remedies prior to filing this action with respect to prison conditions under §1983,

to wit:   filing multiple grievances per the Defendant Prison's grievance procedure, beginning on

or about September 17, 2001, after the Plaintiff was raped by one of the Defendant Prison's

guards, by Plaintiff requesting mental health treatment and /or counseling, but all such grievances

3

were either disregarded, ignored, and/or used for retaliatory purposes by the Defendant(s).

14.    Venue is proper in this court, as the Plaintiff's causes of action arose in Salt Lake County, State of Utah.

## STATEMENT OF FACTS

15.    That Plaintiff reincorporates and realleges the allegations contained herein.

16.    That the Plaintiff is female, with a date of birth of March 29, 1984.

17.    That during the year 2000, through the present, the Plaintiff has been incarcerated in the Defendant Utah State Prison (hereinafter "Defendant Prison"), based upon a conviction of "Assault by a Prisoner."

18.    That at all times, the Plaintiff retained a constitutional right to be secure in her bodily integrity and free from attack by the Defendants, and the Plaintiff's aforesaid right to be secure in Plaintiff's bodily integrity includes the right to be free from sexual abuse under the Eighth Amendment of the United States Constitution.

19.    That the Defendants were obligated to the Plaintiff, under the Eighth Amendment of the United States Constitution not to be deliberately indifferent to the serious medical needs of the Plaintiff.

20.    That Defendants held a special relationship with the Plaintiff and had a duty to protect and ensure her safety while under their custody and control.

21.    That on or about September 17, 2001, the Plaintiff was taken out of her cell by Defendant Poleate, who advised the Plaintiff that Defendant Poleate was taking her to the infirmary for medical tests.

4

22.    That the Plaintiff was never taken to the infirmary, rather, Defendant Poleate took the Plaintiff to the gatehouse in the Timpanogos Section of the Defendant prison, and brutally raped the Plaintiff, in violation of the Eighth Amendment of the United State's Constitution, right to be free from cruel and unusual punishment.  Said rape, upon information and belief, resulted in the Plaintiff becoming pregnant, but the Plaintiff miscarried.

23.    That on or about September 17, 2001, the Defendant intentionally or recklessly engaged in intolerable and outrageous conduct, by brutally raping the Plaintiff, which caused the Plaintiff to suffer severe emotional distress, and resulted in the Plaintiff suffering damages, including, but not limited to: severe emotional distress, physical illness and injury, humiliation, embarrassment, and loss of enjoyment of life, in an amount to be proven at trial.

24.    That the Defendants engaged in conduct which demonstrates a deliberate indifference intentionally or recklessly engaged in intolerable and outrageous conduct to the rights of the Plaintiff to be free from cruel and unusual punishment under the Eighth Amendment, including, but not limited to: conditions of the Plaintiff's confinement; denial of medical care and/or treatment; failure to supervise; and failure to train.

25.    53.    That the Defendants deliberate indifference  was willful and malicious, and/or conduct that manifests a knowing and reckless indifference toward, and a disregard of, the rights of the Plaintiff not to be subject to cruel and unusual punishment, under the Eighth Amendment.

26.    That as a direct and proximate result of Defendant Poleate's brutal rape of the Plaintiff, and the Defendants John and Jane Doe 1-10, and Defendant Warden Friel aforesaid deliberate indifference,  the Plaintiff suffered severe emotional distress, and damages, including,

5

but not limited to: severe emotional distress, physical illness and injury, humiliation, embarrassment, exemplary damages, and loss of enjoyment of life, in an amount to be proven at trial.

27.    That Defendant Poleate's aforesaid rape of the Plaintiff was willful and malicious, and/or conduct that manifests a knowing and reckless indifference toward, and a disregard of, the Eight Amendment rights of the Plaintiff not to be raped.

28.    That Defendant Poleate plead guilty to "custodial sexual relations," a third degree felony, in a plea bargain on or about May 12, 2003.

29.    That conditions of confinement which implicate the safety and bodily integrity of an inmate implicates both the Eight Amendment and the Fourteenth Amendment to the United States Constitution.

30.    That the housing of the Plaintiff under the conditions of confinement rise to the level of a constitutional violation.

31.    That the inadequate tracking and/or monitoring of prisoners being escorted by Defendant Poleate from the prisoner's cell to the gatehouse in the Timpanogos Section of the prison,  created an obvious potential for constitutional violations, including, but not limited to violations of the Eighth Amendment of the United States Constitution, prohibiting cruel and unusual punishment.

32.    That knowing of the obvious potential for constitutional violations, the Defendants acted with deliberate indifference in failing to take any action or taking inadequate action to ensure the safety of inmates.

33.    That the Defendants knew of and acted with deliberate indifference to the

inadequate tracking and/or monitoring of prisoners being escorted by Defendant Poleate from the prisoner's cell to the gatehouse in the Timpanogos Section of the prison.

34.    That as a direct and proximate result of the aforesaid deliberate indifference, on September 17, 2001, Defendant Poleate, was able to take the Plaintiff from her cell to the gatehouse in the Timpanogos Section of the prison, brutally rape the Plaintiff, during an approximate one hour time-frame, return her to her cell, and avoid detection, in violation of the Plaintiff's right to be free from cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

35.    That accordingly, through deliberate indifference and under color of law, the Defendants deprived the Plaintiff of her right to safety, bodily integrity and life as secured by the United States Constitution and the laws of the United States.

36.    That Defendant Poleate plead guilty to "custodial sexual relations," a third degree felony, in a plea bargain on or about May 12, 2003.

37.    That the Defendants was/were obligated to the Plaintiff, under the Eighth Amendment of the United States Constitution not to deliberately indifferent to the serious medical of the Plaintiff.

38.    That the Defendants were deliberately indifferent to the serious medical need of the Defendant, to wit mental health counseling and/or treatment following Defendant Poleate's rape of the Plaintiff, and/or per Plaintiff's innumerable requests for such, and/or the Plaintiff's behavior, that was so obvious that even a lay person would easily recognize the necessity for a mental health care professional's attention, in violation of the Eighth Amendment of the United States Constitution's prohibition of cruel and unusual punishment.

7

39.     That supervisory liability attaches under Sec. 1983 when Defendants fail to take action they are require to take to stop violations of their subordinates in a manner amounting to deliberate indifference or when they create policies and practices pursuant to which the constitutional deprivation was carried out.

40.     That the Defendants were deliberately indifferent as the violation of the Plaintiff's Eight Amendment protections against cruel and unusual punishment was highly predictable and/or plainly obvious consequence of the Defendants' action and/or inaction in supervising their subordinates as to the specific knowledge needed to handle recurring situations of the Plaintiff's non-conformance, to wit:  providing the Plaintiff with mental health counseling and/or mental health treatment, as opposed to severely punishing and/or retaliating against the Plaintiff, including but not limited to: macing the Plaintiff's blanket and pillow; dumping Clorox in the Plaintiff's cell; denying the Plaintiff food and/or water; denying the Plaintiff sun light; denying the Plaintiff the ability to go outside; strapping the Plaintiff down so that it is impossible for her to to move; denying any communication with family; denying the Plaintiff feminine hygiene products; locking the Plaintiff in solitary confinement for several days; mocking, harassing, and/or belittling the Plaintiff; intimidating the Plaintiff by having a "Swat team" escort the Plaintiff through the prison; and filing countless disciplinary claims against the Plaintiff for even the slightest offenses.

41.     That the Defendants were deliberately indifferent as the violation of the Plaintiff's Eight Amendment protections against cruel and unusual punishment was highly predictable and/or plainly obvious consequence of the Defendants' action failing to adequately supervise Defendant Poleate, which resulted in the Plaintiff being brutally raped by Poleate.

42.    That based upon these customs, policies, and practices, the Defendants set in motion the conduct that caused the deprivation of the Plaintiff's civil rights.

43.    That based upon information and belief, these Defendants had notice of the continuing practices alleged in this complaint and in this claim for relief, and failed to take proper, preventative, protective, and/or supervisory measures.  Their actions and omissions constitute a deliberate indifference to the rights of the Plaintiff, making inevitable the harm and damage suffered by the Plaintiff at the hands of Defendants.

44.    That as a direct and proximate result of the Defendants' aforesaid violations of the Eighth Amendment of the United States Constitution, the Plaintiff suffered damages, including, but not limited to: severe emotional distress, physical pain and suffering, physical injury and illness, embarrassment, humiliation, and loss of enjoyment of life, in an amount to be proven at trial.

45.    That as a direct and proximate result of Defendants' aforesaid conduct, and/or misconduct, the Plaintiff incurred reasonable costs and attorney's fees predicated upon 42 U.S.C. 1988 and 42 U.S.C. 2000, which authorize the award of attorneys' fees and costs to prevailing parties pursuant to 42 U.S.C. 1983, in an amount to be determined at trial.

## FIRST CAUSE OF ACTION

### VIOLATION OF EIGHTH AMENDMENT PROHIBITION AGAINST CRUEL AND UNUSUAL PUNISHMENT
As against Defendant Poleate
(42 U.S.C. 1983 Violation of Eighth and Fourteenth Amendment Rights)

46.    That Plaintiff reincorporates and realleges the allegations contained herein.

47.    That at all times, the Plaintiff retained a constitutional right to be secure in her

bodily integrity and free from attack by Defendants, and the Plaintiff's aforesaid right to be secure in Plaintiff's bodily integrity includes the right to be free from sexual abuse under the Eighth Amendment of the United States Constitution.

48.    That on or about September 17, 2001, the Plaintiff was taken out of her cell by Defendant Poleate, who advised the Plaintiff that Defendant Poleate was taking her to the infirmary for medical tests.

49.    That the Plaintiff was never taken to the infirmary, rather, Defendant Poleate took the Plaintiff to the gatehouse in the Timpanogos Section of the Defendant prison, and brutally and viciously raped the Plaintiff, in violation of the Eighth Amendment of the United State's Constitution, right to be free from cruel and unusual punishment.  Said rape, upon information and belief, resulted in the Plaintiff becoming pregnant, but the Plaintiff miscarried.

50.    That Defendant Poleate's aforesaid rape of the Plaintiff was willful and malicious, and/or conduct that manifests a knowing and reckless indifference toward, and a disregard of, the rights of the Plaintiff not to be raped.

51.    That on or about September 17, 2001, the Defendant intentionally or recklessly engaged in intolerable and outrageous conduct, by brutally raping the Plaintiff, which caused the Plaintiff to suffer severe emotional distress, and resulted in the Plaintiff suffering damages, including, but not limited to: severe emotional distress, physical illness and injury, humiliation, embarrassment, exemplary damages, and loss of enjoyment of life, in an amount to be proven at trial.

52.    That Defendant Poleate plead guilty to "custodial sexual relations," a third degree felony, in a plea bargain on or about May 12, 2003.

10

## SECOND CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
As Against All Defendants
(State Tort Cause of Action)

53.    That Plaintiff reincorporates and realleges the allegations contained herein.

54.    That on or about September 17, 2001, the Defendant Poleate intentionally or recklessly engaged in intolerable and outrageous conduct, by brutally raping the Plaintiff.  Said rape, upon information and belief, resulted in the Plaintiff becoming pregnant, but the Plaintiff miscarried.

55.    That Defendant Poleate's aforesaid rape of the Plaintiff was willful and malicious, and/or conduct that manifests a knowing and reckless indifference toward, and a disregard of, the rights of the Plaintiff not to be raped.

56.    That the Defendants engaged in conduct which demonstrates a deliberate indifference intentionally or recklessly engaged in intolerable and outrageous conduct to the rights of the Plaintiff to be free from cruel and unusual punishment under the Eighth Amendment, including, but not limited to: conditions of the Plaintiff's confinement; denial of medical care and/or treatment; failure to supervise; and failure to train.

57.    That the Defendants deliberate indifference  was willful and malicious, and/or conduct that manifests a knowing and reckless indifference toward, and a disregard of, the rights of the Plaintiff not to be subject to cruel and unusual punishment, under the Eighth Amendment.

58.    That as a direct and proximate result of Defendant Poleate's brutal rape of the Plaintiff, and the Defendants John and Jane Doe 1-10, and Defendant Warden Friel aforesaid

11

deliberate indifference,  the Plaintiff suffered severe emotional distress, and damages, including, but not limited to: severe emotional distress, physical illness and injury, humiliation, embarrassment, exemplary damages, and loss of enjoyment of life, in an amount to be proven at trial.

### THIRD CAUSE OF ACTION
### "CONDITIONS OF CONFINEMENT"
As Against All Defendants
(42 U.S.C. 1983 Violations of the Eighth and Fourteenth Amendment Rights)

59.    That Plaintiff reincorporates and realleges the allegations contained herein.

60.    That at all times, the Plaintiff retained a constitutional right to be secure in her bodily integrity and free from attack by the Defendants, and the Plaintiff's aforesaid right to be secure in Plaintiff's bodily integrity includes the right to be free from sexual abuse under the Eighth Amendment of the United States Constitution.

61.    That conditions of confinement which implicate the saftety and bodily integrity of an inmate implicates both the Eight Amendment and the Fourteenth Amendment to the United States Constitution.

62.    That the housing of the Plaintiff under the conditions of confinement rise to the level of a constitutional violation.

63.    That the inadequate tracking and/or monitoring of prisoners being escorted by Defendant Poleate from the prisoner's cell to the gatehouse in the Timpanogos Section of the prison,  created an obvious potential for constitutional violations, including, but not limited to violations of the Eighth Amendment of the United States Constitution, prohibiting cruel and unusual punishment.

64.     That knowing of the obvious potential for constitutional violations, the Defendants acted with deliberate indifference in failing to take any action or taking inadequate action to ensure the safety of inmates.

65.     That the Defendants knew of and acted with deliberate indifference to the inadequate tracking and/or monitoring of prisoners being escorted by Defendant Poleate from the prisoner's cell to the gatehouse in the Timpanogos Section of the prison.

66.     That as a direct and proximate result of the aforesaid deliberate indifference, on September 17, 2001, Defendant Poleate, was able to take the Plaintiff from her cell to the gatehouse in the Timpanogos Section of the prison, brutally rape the Plaintiff, during an approximate one hour time-frame, return her to her cell, and avoid detection, in violation of the Plaintiff's right to be free from cruel and unusual punishment under the Eighth Amendment of the United States Constitution.  Said rape, upon information and belief, resulted in the Plaintiff becoming pregnant, but the Plaintiff miscarried.

67.     That accordingly, through deliberate indifference and under color of law, the Defendants deprived the Plaintiff of her right to safety, bodily integrity and life as secured by the United States Constitution and the laws of the United States.

68.     That Defendant Poleate plead guilty to "custodial sexual relations," a third degree felony, in a plea bargain on or about May 12, 2003.

69.     That as a direct and proximate result of the Defendant Prison's aforesaid violations of the Eighth Amendment of the United States Constitution, the Plaintiff suffered damages, including, but not limited to: severe emotional distress, physical pain and suffering, physical injury and illness, embarrassment, humiliation, and loss of enjoyment of life, in an amount to be

13

proven at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF EIGHTH AMENDMENT PROHIBITION AGAINST CRUEL AND UNUSUAL PUNISHMENT - DENIAL OF MEDICAL CARE AND/OR TREATMENT
As Against All Defendants
(42 U.S.C. 1983 Violation of Eighth and Fourteenth Amendment Rights).

70.    That Plaintiff reincorporates and realleges the allegations contained herein.

71.    That the Defendants was/were obligated to the Plaintiff, under the Eighth Amendment of the United States Constitution not to deliberately indifferent to the serious medical of the Plaintiff.

72.    That on or about September 17, 2001, the Plaintiff was taken out of her cell by Defendant Poleate, who advised the Plaintiff that Defendant Poleate was taking her to the infirmary for medical tests.

73.    That the Plaintiff was never taken to the infirmary, rather, Defendant Poleate took the Plaintiff to the gatehouse in the Timpanogos Section of the Defendant prison, and brutally and viciously raped the Plaintiff, in violation of the Eighth Amendment of the United State's Constitution, right to be free from cruel and unusual punishment.  Said rape, upon information and belief, resulted in the Plaintiff becoming pregnant, but the Plaintiff miscarried.

74.    That on or about September 17, 2001, the Defendants intentionally or recklessly engaged in intolerable and outrageous conduct, by brutally raping the Plaintiff, which caused the Plaintiff to suffer severe emotional distress, and resulted in the Plaintiff suffering damages, including, but not limited to: severe emotional distress, physical illness and injury, humiliation, embarrassment, and loss of enjoyment of life, in an amount to be proven at trial.

14

75.    That Defendant Poleate's aforesaid rape of the Plaintiff was willful and malicious, and/or conduct that manifests a knowing and reckless indifference toward, and a disregard of, the Eight Amendment rights of the Plaintiff not to be raped.

76.    That Defendant Poleate plead guilty to "custodial sexual relations," a third degree felony, in a plea bargain on or about May 12, 2003.

77.    That the Defendants were deliberately indifferent to the serious medical need of the Defendant, to wit mental health counseling and/or treatment following Defendant Poleate's rape of the Plaintiff, and/or per Plaintiff's innumerable requests for such, and/or the Plaintiff's behavior, that was so obvious that even a lay person would easily recognize the necessity for a mental health care professional's attention, in violation of the Eighth Amendment of the United States Constitution's prohibition of cruel and unusual punishment.

78.    That as a direct and proximate result of the Defendants' aforesaid violations of the Eighth Amendment of the United States Constitution, the Plaintiff suffered damages, including, but not limited to: severe emotional distress, physical pain and suffering, physical injury and illness, embarrassment, humiliation, and loss of enjoyment of life, in an amount to be proven at trial.

### FIFTH CAUSE OF ACTION

**VIOLATION OF EIGHTH AMENDMENT PROHIBITION AGAINST CRUEL AND UNUSUAL PUNISHMENT - FAILURE TO SUPERVISE**
Supervisory liability: (As Against Defendants Warden Friel and John and Jane Does 1 - 10)

79.    That Plaintiff reincorporates and realleges the allegations contained herein.

80.    That supervisory liability attaches under Sec. 1983 when Defendants fail to take action they are require to take to stop violations of their subordinates in a manner amounting to

deliberate indifference or when they create policies and practices pursuant to which the constitutional deprivation was carried out.

81.    That supervisory liability in this claim for relief is asserted against Defendant Warden Friel and John or Jane Doe Defendants based upon the customs, policies and practices and their failure to adequately supervise their personnel.

82.    That the Defendants were deliberately indifferent as the violation of the Plaintiff's Eight Amendment protections against cruel and unusual punishment was highly predictable and/or plainly obvious consequence of the Defendants' action and/or inaction in supervising their subordinates as to the specific knowledge needed to handle recurring situations of the Plaintiff's non-conformance, to wit:  providing the Plaintiff with mental health counseling and/or mental health treatment, as opposed to severely punishing and/or retaliating against the Plaintiff, including but not limited to: macing the Plaintiff's blanket and pillow; dumping Clorox in the Plaintiff's cell; denying the Plaintiff food and/or water; denying the Plaintiff sun light; denying the Plaintiff the ability to go outside; strapping the Plaintiff down so that it is impossible for her to move; denying any communication with family; denying the Plaintiff feminine hygiene products; locking the Plaintiff in solitary confinement for several days; mocking, harassing, and/or belittling the Plaintiff; intimidating the Plaintiff by having a "Swat team" escort the Plaintiff through the Defendant prison; and filing countless disciplinary claims against the Plaintiff for even the slightest offenses.

83.    That the Defendants were deliberately indifferent as the violation of the Plaintiff's Eight Amendment protections against cruel and unusual punishment was highly predictable and/or plainly obvious consequence of the Defendants' action of failing to adequately supervise

Defendant Poleate, which resulted in the Plaintiff being brutally raped by Poleate.  Said rape, upon

information and belief, resulted in the Plaintiff becoming pregnant, but the Plaintiff miscarried.

84.    That based upon these customs, policies, and practices, the Defendants set in

motion the conduct that caused the deprivation of the Plaintiff's civil rights.

85.    That based upon information and belief, these Defendants had notice of the

continuing practices alleged in this complaint and in this claim for relief, and failed to take proper,

preventative and/or rehabilitive supervisory measures.  Thier actions and omissions constitute a

deliberate indifference to the rights of the Plaintiff, making inevitable the harm and damage

suffered by the Plaintiff at the hands of Defendants.

86.    That as a direct and proximate result of the Defendants' aforesaid violations

of the Eighth Amendment of the United States Constitution, the Plaintiff suffered damages,

including, but not limited to: severe emotional distress, physical pain and suffering, physical

injury and illness, embarrassment, humiliation, and loss of enjoyment of life, in an amount to be

proven at trial.

### SIXTH CAUSE OF ACTION
### "FAILURE TO TRAIN"

Supervisory liability: (As Against Defendants Warden Friel and John and Jane Does 1 - 10)
(42 U.SC. 1983 Violation of Eighth and Fourteenth Amendment Rights).

87.    That supervisory liability attaches under Sec. 1983 when Defendants fail to take

action they are require to take to stop violations of their subordinates in a manner amounting to

deliberate indifference or when they create policies and practices pursuant to which the

88.    That supervisory liability in this claim for relief is asserted against Defendant

Warden Friel and John or Jane Doe Defendants based upon the customs, policies and practices

17

and their failure to adequately train their personnel.

89.     That the Defendants were deliberately indifferent as the violation of the Plaintiff's Eight Amendment protections against cruel and unusual punishment was highly predictable and/or plainly obvious consequence of the Defendants' action and/or inaction in supervising their subordinates as to the specific knowledge needed to handle recurring situations of the Plaintiff's non-conformance, to wit:  providing the Plaintiff with mental health counseling and/or mental health treatment, as opposed to severely punishing and/or retaliating against the Plaintiff, including but not limited to: macing the Plaintiff's blanket and pillow; dumping Clorox in the Plaintiff's cell; denying the Plaintiff food and/or water; denying the Plaintiff sun light; denying the Plaintiff the ability to go outside; strapping the Plaintiff down so that it is impossible for her to move; denying any communication with family; denying the Plaintiff feminine hygiene products; locking the Plaintiff in solitary confinement for several days; mocking, harassing, and/or belittling the Plaintiff; intimidating the Plaintiff by having a "Swat team" escort the Plaintiff through the Defendant prison; and filing countless disciplinary claims against the Plaintiff for even the slightest offenses.

90.     That the Defendants were deliberately indifferent as the violation of the Plaintiff's Eight Amendment protections against cruel and unusual punishment was highly predictable and/or plainly obvious consequence of the Defendants' action of failing to adequately train Defendant Poleate, which resulted in the Plaintiff being brutally raped by Poleate.  Said rape, upon information and belief, resulted in the Plaintiff becoming pregnant, but the Plaintiff miscarried.

91.     That based upon these customs, policies, and practices, the Defendants set in motion the conduct that caused the deprivation of the Plaintiff's civil rights.

92.    That based upon information and belief, these Defendants had notice of the continuing practices alleged in this complaint and in this claim for relief, and failed to take proper, preventative and/or rehabilitive supervisory measures.  Their actions and omissions constitute a deliberate indifference to the rights of the Plaintiff, making inevitable the harm and damage suffered by the Plaintiff at the hands of Defendants.

93.    That as a direct and proximate result of Defendants' aforesaid conduct, and/or misconduct, the Plaintiff incurred reasonable costs and attorney's fees predicated upon 42 U.S.C. 1988 and 42 U.S.C. 2000, which authorize the award of attorneys' fees and costs to prevailing parties pursuant to 42 U.S.C. 1983, in an amount to be determined at trial.

WHEREFORE, the Plaintiff prays:

1.    That Plaintiff be awarded general damages against the Defendants individually, in an amount to be determined at trial;

2.    That Plaintiff be awarded special damages against the Defendants individually, in an amount to be determined at trial;

3.    That Plaintiff be awarded exemplary damages against the Defendants individually, in an amount to be determined at trial.

4.    That the Plaintiff be awarded reasonable costs and attorney's fees, pursuant to 42 U.S.C. Sec. 1983, and/or 42 U.S.C. Sec. 1988, as amended.

5.    That the Plaintiff be awarded other equitable damages and other future pecuniary losses, pursuant to 42 U.S.C. Sec. 1981.

6.    That this matter be set for a jury trial; and

19

7.    For such other relief as the Court deems mete on the premises.

DATED this 6th day of February, 2007.

/s/Randall G. Phillips
Attorney for Plaintiff